A Justice of the
Peace cannot
impose fines
where he has no
jurisdiction, re-
ceive and retain
the money, but
is liable to the
party paying as
for money had
and received, to
the use of the
party fined.

Justices of the
Peace rendering

## Stromburg *vs* Earick.

ERROR TO THE JEFFERSON CIRCUIT.

*Justices of the Peace. Jurisdiction. Fines and for-feitures.*

JUDGE MARSHALL delivered the opinion of the Court.

THIS case commenced by warrant from a Justice of the Peace. in which Stromburg demanded from Earick $20 as a debt due by account. The Justice having rendered judgment for the defendant, the plaintiff took the case by appeal to the Circuit Court, which, according to decisions heretofore rendered, referring the jurisdiction on appeal to the sum demanded by the warrant, was the proper tribunal.

On the trial in the Circuit Court, it appeared that the warrant was brought for the recovery of $10 which had been paid by the plaintiff to Earick, a Justice of the Peace, in discharge of a fine inflicted or demanded by Earick, as for failing to exhibit a license as a pedler in the city of Louisville, and which Earick still retained; and as there was no other pretext for receiving or retaining the money, the question is whether the proceedings of Earick as shown in this case furnish a sufficient ground for so doing.

If instead of paying the money for the fine, the person or property of Stromburg had been taken by order or writ from the Justice, and an action of trespass had been brought therefor, against the Justice, he could only have justified by showing a conviction of some offence over which he had jurisdiction. And so as we apprehend in the present case, the Justice can maintain his right to retain for the public, the money which undoubtedly belongs to the the plaintiff unless it has been legally taken from him, by showing a similar conviction. And this as we think has not been done.

1. In the first place there is no written conviction, nor any other memorandum in writing evidencing the judg-

ment or any part of the proceeding. And we are strong-ly inclined to the opinion, both on the ground of policy and of authority, that unless the want of such memorial be properly attributable to some inevitable casualty, which could hardly be the case, it should be deemed absolutely essential for establishing the justification in a proceeding against the Justice. (*See Philips on Evidence by Cowan & H.*, 2 *part* 1012, *et seq.* It is the general duty of Justices in this State to make a record or minute of their judgments; and we know of no authority for excepting judgments for fines or penalties, of which, as it is their duty to render an account to the public, it would seem to be peculiarly proper, that they should make out and preserve a regular memorial.

2. But waiving this point, and conceding that there may be a valid judgment for a fine or penalty without writing, and that it may be proved orally and with the same effect as if a record were made of it, still it can be available as a defence to no greater extent than if it were in writing, and must be subjected to the same tests. The admission of parol testimony to establish the conviction itself, gives great advantage to the defendant, in the latitude of expression, and of inference which belongs to that sort of evidence. But it must at least be shown that the party was convicted of an offence of which the Justice had jurisdiction. If the Justice had jurisdiction over the offence, and the accused was before him for trial, any mistake of judgment either upon the fact or the law, might be proper ground for quashing or reversing the conviction, but could not invalidate it in any collateral proceeding.

In the present case, Earick himself was sworn, and detailed on oath the nature and ground of the proceeding. From his statement as well as from the other testimony, it appears clearly that Stromburg, being said or supposed to be a pedler in the city of Louisville, was fined by Earick for refusing to exhibit to Johnston, another Justice, his license to exercise the calling of a pedler in the city, when required to exhibit it by Johnston. This being the distinct ground of the conviction, and these the only facts upon which Earick adjudicated, the enquiry is

STROMBURG
*vs*
EARICK.

judgment for fines, to justify their act, must, when sued, *produce the record*, or show its loss by some inevitable casualty.

—But if the record is proven to have been *lost* it must be clearly proved that there was a conviction of an offence of which the Justice had jurisdiction, to constitute a defence for the Justice.

whether these facts constitute an offence under any law which Earick was authorized to administer, or in other words, whether they show a case in which he had jurisdiction.

Assuming what is by no means certain upon the evidence, that Earick decided that Stromburg was a pedler, and conceding that as to that matter his decision however erroneous, is to be taken as conclusive in the present case, still the question is whether the refusal of Stromburg to exhibit a license on the requisition of a Justice, was an offence, and if it was, whether Earick as a Justice of the Peace, had jurisdiction to try and punish for it.

Have Justices of the Peace in the city of Louisville any right to call on pedlers for their license, and to fine them for refusing to exhibit them, this jurisdiction, is by the act of 1838, was it not transferred to the Police Court? —Qu.

An act of January 1814, (2 *Stat. Laws*, 1259,) denounces a fine of ten dollars against any pedler for failing or refusing to present his license upon the requisition of a Justice. But under this act the proceeding and fine must undoubtedly be in the name and behalf of the Commonwealth. And by an act of 1838, the Police Court of Louisville is invested with exclusive jurisdiction of all pleas of the Commonwealth, arising within the city of Louisville. So that the Justice had no jurisdiction to inflict the penalty under the act of 1814. And we do not perceive that the case can be brought under any other legislative enactment with regard to pedlers.

But by the by-laws of the city, fines may be sued for before a Justice of the Peace in the name of the city.

But by the 18th section of the charter of Louisville, (1828,) penalties for the infraction of the by laws of the city, may be sued for in the name of the city and recovered before any Justice of the Peace. And if there were any valid by-law of the city denouncing a penalty for failing to exhibit the license to a Justice of the Peace, Earick might have had jurisdiction over the offence. We do not, however, find any by-law or ordinance among the acts of the city of Louisville, denouncing a penalty for such failure, or making it an offence, nor is it alledged that there is any by-law of that character.

The ordinance relating to pedlers and hawkers, requires them to obtain license, for which twenty dollars are to be paid, and inflicts a penalty of $20 for pedling and hawking goods &c without license. The same ordinance commands the City Inspector, Marshal and Watchmen to require of pedlers and hawkers the production of their

license, to show by what authority they are exercising their calling, and in case of refusal to show the license when thus required, a penalty of ten dollars is inflicted.

Waiving any consequence to be deduced from the fact that this ordinance does not apply to vendors of goods in stores, and that there is neither proof nor adjudication that Stromburg offered goods, upon any street, alley, wharf or lot, or part of a lot in the city, but only a statement that he put his goods in a store and had sold some in the city, and was stated to be a pedler; we think it obvious that the failure to exhibit a license upon the requisition of a Justice of the Peace, is not an offence punishable by fine, within either the letter or the spirit of the ordinance. A Justice of the Peace may as a Judge, pronounce the sentence of the law against any pedler or hawker who shall, in violation of this ordinance, either exercise his calling in the city without license, or refuse to exhibit his license upon requisition by the proper officer. The Justice has no other office to perform in the execution of this ordinance. But it is the duty of the city officers named, whenever they see a hawker or pedler in the exercise of that calling, to enquire into his authority, in order that they may see that he is not violating the laws of the city; and it is his duty to satisfy them, and thus to terminate inquiry by exhibiting his license if he have one.

The conviction in this case was not for hawking and pedling without lecense, nor for failing to exhibit a license to any one authorized to demand it, but for failing to exhibit a license upon the requisition of a Justice of the Peace. It might as well have been for failing to exhibit it to the Sheriff of the county, or the Mayor of the city, or the Governor of the State. The conviction, therefore, does not purport to be of any offence denounced by the ordinance; and if the subject of pedling within the city of Louisville and the power of granting license therefor, and denouncing penalties for pedling without license, be not withdrawn from the operation of the general laws of the State, and subjected to the local legislation of the city, and if, therefore, the failure to exhibit a license for

STROMBURG
*vs*
EARICK.

It is in the power of the city officers alone to call on hawkers and pedlers for an exhibition of their license to sell.

One Justice of the Peace has no authority to fine a pedler for failing to exhibit his license to another Justice.

STROMBURG
*vs*
EARICK.

pedling within the city of Louisville, upon the requisition of a Justice of the Peace, be a penal offence, it is an offence against the Commonwealth and not against the city, and a Justice of the Peace, though an officer of the Commonwealth, has no jurisdiction over it. We suppose, however, that this matter is placed entirely under the legislation of the city, subject to the general limitations placed upon its legislative faculties, and subject to be controlled and superseded by the action of the State Legislature directly upon it. This question need not be, and is not decided in this case. For if it be conceded, that the conviction is for an offence under the State laws, it is one over which the Justice had no jurisdiction; and if the State laws do not apply, the conviction with the aid of all the evidence in the case, shows no offence nor any facts from which an offence for which the penalty could be inflicted, can be implied. The charge and proof of a failure to exhibit a license upon the requisition of Justice Johnston, made no case whatever for the jurisdiction of Justice Earick, and gave him no jurisdiction to pronounce any judgment against the accused. The conviction pronouncing Stromburg guilty of such a charge, and fining him therefor, is therefore, wholly void, and affords no protection to the Justice who pronounced it.

In every view of the case, we are satisfied that the proceeding and judgment, if it can be so called, against Stromburg, furnishes no ground for receiving or withholding his money as a fine or forfeiture, either to the State or the city of Louisville, and no defence to this action for recovering it back from the Justice who had wrongfully and without authority, condemned him to the payment of the fine and received it from him.

Wherefore, the judgment is reversed and the cause remanded for a new trial.

*Green* for plaintiff: *Guthrie* for defendant.